# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## IN RE: RICHARD SANFORD WHITE LIVING TRUST

**Probate Court for Shelby County**
**No. D15061**

---

**No. W2013-00665-COA-R3-CV - Filed December 3, 2013**

---

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

HOLLY M. KIRBY, J., ALAN E. HIGHERS, P.J.W.S., AND J. STEVEN STAFFORD, J.

Edward Thomas Autry, Memphis, Tennessee, for the appellant, Marjorie Claire Taylor.

Robert A. Cox, Memphis, Tennessee, for the appellees, Edward C. Hayward, III and Paul Myers.

## MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, Appellant Marjorie Claire Taylor filed a Notice of Appeal of the trial court's order of January 24, 2013, which transferred the entire probate court matter to the Federal District Court for the Western District of Tennessee, Western Division. The trial court's order did not dismiss the probate court proceedings and there is no adjudication of the probate court matter.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

By Order entered on September 13, 2013, the Court directed Appellant to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment within fifteen (15) days from the entry of that Order. Our Order of September 13, 2013, also provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On September 13, 2013, the Clerk of this Court transmitted a copy of our Order to Appellant's counsel by certified mail, return receipt requested. The Clerk received the return receipt which indicated that the mail parcel had been delivered. As of this date, however, the Clerk of this Court has not received a supplemental record containing a final judgment. Appellant has not otherwise responded to our Order of September 13, 2013.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). The order appealed in this matter is not a final judgment and therefore, this Court lacks jurisdiction of this matter. Consequently, this appeal must be dismissed.

**Conclusion**

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Marjorie Claire Taylor, and the surety for which execution may issue if necessary.

**PER CURIAM**